UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MAURICE BETHLEY                                      CIVIL ACTION

VERSUS                                               NO. 08-5143

ALLSTATE INSURANCE CO.                               SECTION "C"(1)

**ORDER AND REASONS**

Before the Court are four Motions in Limine by plaintiff Maurice Bethley ("Bethley") seeking to exclude (1) evidence of Bethley's previous bankruptcy (Rec. Doc. 30); (2) evidence of his social security benefits and the medical condition underlying the payments (Rec. Doc. 31); (3) a previous lawsuit (Rec. Doc. 35); and (4) certain medical records (Rec. Doc. 56); and one Motion in Limine by Defendant Allstate Insurance Company ("Allstate") seeking to strike plaintiff's lost wages claims or exclude lay testimony about the same. (Rec. Doc. 40).

Having considered the parties' briefs, the record and the applicable law, the Court GRANTS plaintiff's motion to exclude the bankruptcy documentation, GRANTS in part plaintiff's motion to exclude social security benefits, GRANTS plaintiff's motion to exclude the previous lawsuit, GRANTS in part plaintiff's motion to exclude medical records; and DENIES defendant's motion to strike claims for the following reasons.

**Law and Analysis**

1

This case arises out of an automobile accident between Bethley and defendant's insured, Justin Babin ("Babin"). The Court granted plaintiff's unopposed motion for partial summary judgment on liability on August 3, 2009. (Rec. Doc. 19). This matter is scheduled for trial before a jury on the issue of Bethley's recoverable damages on November 2, 2009.

Plaintiff's Motions

*1. Previous Bankruptcy*

Plaintiff's motion to exclude his bankruptcy records in GRANTED as unopposed. Further, the motion has merit. The plaintiff's thirteen year old bankruptcy records are not relevant to the instant litigation.

*2. SSA Benefits and Heart Failure*

Plaintiff seeks to exclude from trial any evidence, testimony, argument, or cross examination concerning: "(1) his application for or receipt of Social Security Administration ("SSA") Supplemental Security Income Payments ("Benefits"), and (2) his congestive heart failure condition underlying his SSA Benefits." (Rec. Doc. 31-2 at 1).

Bethley argues that evidence of SSA Benefits is irrelevant and unduly prejudicial per Federal Rules of Evidence 401-403. (Rec. Doc. 31-2 at 1). He characterizes these payments as "collateral source benefits," which are typically inadmissible under federal case law. *See Eichel v. New York Central Railroad Co.*, 375 U.S. 253, 253-54 (1963). Although Bethley argues that his SSA Benefits were received via the "Ticket to Work" program, Bethley fears the jury will

presume he has been "double dipping" by both working and receiving disability benefits.[1]  (Rec. Doc. 31-2 at 4).

Allstate argues that in fact Bethley *was* double dipping: "The program however was not designed to have the plaintiff collect Social Security disability benefits during 2007 and at the same time earn income in excess of $115,000, which is his claim."  (Rec. Doc. 33 at 2).  They therefore argue that evidence of the SSA Benefits are probative of Bethley's veracity.  (Rec. Doc. 33 at 4).

The Court is sensitive to the Supreme Court's caution that evidence of "collateral social insurance benefits involves a substantial likelihood of prejudicial impact." *Eichel*, 375 U.S. at 254.  In *Eichel*, the Supreme Court overturned an appellate court's holding that such evidence was improperly excluded.  *Id.*  The Court held that even though the evidence had some probative value bearing on the petitioner's motivation to work, that value was outweighed by the potential prejudice.  *Id.* at 253.

Per the Ticket to Work program guidelines, it is possible for eligible individuals to receive SSA Benefits while also receiving income from employment during a "trial work period" of up to nine months.  Social Security Administration, *Are you Receiving Benefits and Interested in Working?*, http://www.ssa.gov/work/receivingbenefits.html (last visited October 19, 2009).  In this case, the parties have not briefed the Court on the precise nature of the benefits Bethley

---

[1] The Ticket to Work Program allows individuals currently receiving disability benefits to transition back to the work force.  *See* Social Security Administration, *The Work Site*, http://www.ssa.gov/work/default.html (last visited October 19, 2009); *see also* 20 CFR s. 411.100 *et seq.*

received. Accordingly, the Court GRANTS Bethley's motion to exclude the SSA Benefits in part. To the extent that Allstate intends to offer evidence that Bethley's SSA Benefit receipts fell outside the above listed program guidelines, the Court reserves the right to rule on that evidence at trial but cautions the parties that it will not entertain a "trial within a trial" on that subject.

Bethley also moves to exclude evidence of the congenital heart condition underlying his SSA benefits. (Rec. Doc. 31-2 at 2). In his motion, Bethley indicates that he became eligible for SSA Benefits in 2004, but was working when the accident at issue occurred in December, 2007. He argues that evidence of the heart condition is irrelevant and potentially prejudicial, and that counsel for Allstate should not be permitted to raise questions about the extent of Bethley's heart problems without the benefit of a medical expert. (Rec. Doc. 31-2 at 4). Allstate argues that the heart condition is relevant because it serves as a possible reason that Bethley was unable to work in 2007 and 2008. (Rec. Doc. 33 at 3).

The Court finds that the evidence of plaintiff's heart condition is relevant. The cause of the inability to work is at issue, and defendant's claim that something other than the automobile accident caused the inability makes this evidence more probative than prejudicial. The motion is DENIED as to evidence of Bethley's heart condition.

*3. Previous Lawsuit*

In 2002, Bethley was one of several plaintiffs in a lawsuit against the maker of the diet drug "fen-phen." (Rec. Doc. 35-3 at 4). Bethley ultimately settled his claims out of court, and now seeks to exclude references to that lawsuit in the present litigation for fear appearing litigious and because the 2002 lawsuit references physical injuries. (Rec. Doc. 35-2 at 2).

4

Defendant argues that because the 2002 lawsuit alleged "serious and permanent injuries including . . . physical disabilities" it is potentially relevant to the lost earnings claim in the present litigation. (Rec. Doc. 43 at 1-2).

The Court finds a risk of prejudice to the plaintiff if the jury draws improper conclusions about the previous lawsuit,[2] and that the time that has passed between that lawsuit and the instant litigation renders the probative value of the previous lawsuit minimal. Plaintiff's motion is GRANTED.

*4. Hospital Records from Via Christi Medical Center*

Bethley moves to exclude any medical records from the Via Christi Regional Medical Center in Wichita, Kansas, because they are irrelevant, unfairly prejudicial, and constitute inadmissible character evidence. (Rec. Doc. 56 at 1-2). Allstate has submitted five binders of medical records from Via Christi, amounting to over four thousand pages. Bethley argues that "[n]early all" of those records relate to his dialysis treatment, and do not relate to any injury or illness that prevented him from working. (Rec. Doc. 56 at 2). He also raises the concern that Allstate will improperly reference a dispute between Bethley and the staff at an outpatient dialysis clinic. (Rec. Doc. 56 at 6). Because of the dispute, Bethley was "forced to leave" the clinic and get his dialysis at Via Christi, a fact mentioned frequently in the Via Christi documentation. (Rec. Doc. 56 at 6).

Allstate argues that because Bethley's treating physician indicated that the accident at

---

[2] The Court takes quasi-judicial notice of the typically hyperbolic allegations of law suits in general and as this particular lawsuit settled, the full accuracy of the allegations was not actually tested in court.

issue aggravated some of his preexisting conditions, those conditions are inherently relevant. Allstate further notes that Bethley seeks to recover for pain in his right flank, among other things, and that some of the Via Christi records indicate that he was experiencing pain in that area as early as 2006. (Rec. Doc. 44 at 2). In addition, Allstate points out that Bethley's kidney condition requires significant amounts of time away from work and that the medical records are necessary to support their argument that the accident was not the sole cause of his reduced work hours.

The Court GRANTS Bethley's motion in part. It is clear that the vast majority of the documents from the Via Christi are either not relevant or cumulative. Therefore, the motion is granted, with the following exceptions: the motion is denied as to 1) any documents referencing conditions that Bethley's treating physician indicated might have been aggravated by the accident; 2) documents referencing pain or injuries before the accident that are substantially similar to pain or injuries Bethley claims resulted from the accident, such as the right flank pain; and 3) a minimal number of documents (not exceeding ten pages) to establish the fact that Bethley has in fact an underlying kidney condition that could impact his ability to work. The Court also DENIES the motion as to documents that establish the amount of time Bethley was actually spending on dialysis in 2007. However, the parties are instructed to attempt to stipulate to the approximate number of days Bethley so spent. Alternatively, the defendant may present that data in a summary document only, provided the plaintiff has had the opportunity to review it for accuracy against the underlying data.

Defendants are ORDERED to subdivide their five binders of documents into discrete

6

pieces of evidence and to provide a proper, re-numbered bench book to the court no later than Thursday, October 29, 2009 at 10:00 a.m. The Court reserves the right to rule on the admissibility of the documents presented at trial.

The motion is also GRANTED as to references to the dispute between Bethley and the outpatient clinic as inadmissible character evidence under Federal Rule of Evidence 608(b). Further, the potential prejudice to Bethley outweighs the minimal probative value of this evidence.

Defendant's Motion

*Motion to Strike Claims or Exclude Lay Testimony*

Allstate moves to exclude Bethley's lost wages and lost earning capacity claims or to exclude lay testimony about the same. (Rec. Doc. 40-2). Allstate argues that Bethley cannot meet his burden of proof regarding lost wages without the testimony of an expert witness. (Rec. Doc. 40-2 at 1-2). Allstate cites *Gunn v. Robertson*, 801 So.2d 555, 565 (La. App. 2001), for the proposition that "future loss of earnings are inherently speculative damages, and thus to obtain such an award, a plaintiff must present medical evidence that indicates with reasonable certainty that a residual disability causally related to the accident exists. (Rec. Doc. 40-2 at 2).

Bethley argues that under Louisiana case law a plaintiff's own testimony can be sufficient to maintain a past lost wages claim when corroborating evidence is also presented. (Rec. Doc. 42 at 1-2). He notes that at trial he intends to support his lost wages claims with tax documents and the testimony of "expert economist" Ralph Litoff. (Rec. Doc. 42 at 3). He further argues that his treating doctor, Melody Shubert, should be permitted to testify regarding

7

opinions she formed in the course of her treatment, regardless of the disclosure requirements of Fed. R. Civ. P. 26(a)(2). (Rec. Doc. 42 at 5).

The Court finds that Bethley has provided sufficient evidence to maintain a claim for lost wages under Louisiana law. *See Skipper v. Berry*, 762 So.2d 56, 62 (La. App. 2000) (plaintiff's testimony sufficient to establish lost wages claim as long as reasonably established). He has provided tax documentation, and his CPA, Ralph Litoff, will testify at trial. The case Allstate cites, *Gunn v. Robertson*, 801 So.2d 555, 565 (La. App. 2001), stands for the proposition that *future* loss of earnings award must be supported by medical evidence relating to disability. However, in this case Bethley is only making claims for lost wages in 2008 and part of 2009. (Rec. Doc. 42 at 4). Defendant's motion to strike claims is DENIED.

Several district courts have addressed the question of whether treating physicians are subject to the reporting requirements of 26(a)(2). In *Phillips v. Occidental Chemical Corp*, 2000 WL 1092857 (E.D. La, Aug. 2, 2000), Judge Porteous examined federal case law and concluded that "to the extent that the source of the facts which form the basis for a treating physician's opinions derive from information learned during the actual treatment of the patient, as opposed to being subsequently supplied by an attorney involved in litigating the case involving the condition or injury, then no comprehensive written report is required." *Id.* at *2. The Court adopts this reasoning. However, the Court is cognizant of the fact that defendants have not deposed Dr. Shubert, and this order is not intended to limit Allstate's ability to lodge objections during the course of the testimony should the questioning of the doctor fall outside the scope of her treatment. *See id.* at *3.

8

As to lay testimony about lost wages by any remaining witnesses, the Court reserves the right to rule on specific objections to testimony at trial. Defendant's motion to exclude lay testimony is DENIED.

Accordingly,

IT IS ORDERED that:

1) Plaintiff's motion to exclude evidence of his bankruptcy is GRANTED;

2) Plaintiff's motion to exclude evidence of his SSA Benefits in GRANTED in part, as set forth within;

3) Plaintiff's motion to exclude evidence of his heart condition is DENIED;

4) Plaintiff's motion to exclude evidence of his previous lawsuit is GRANTED;

5) Plaintiff's motion to exclude Via Christi medical records in GRANTED in part, as set forth within.

6) Defendants are ordered to submit a revised, redacted, and properly sub-divided bench book to the Court no later than 10:00 a.m. on Thursday, October 29, 2009.

7) Defendant's motion to strike to exclude lay testimony is DENIED.

New Orleans, Louisiana, this 26th day of October, 2009.

**UNITED STATES DISTRICT JUDGE**